

**SUPERINTENDENT**
**UNITED STATES MERCHANT MARINE ACADEMY**
KINGS POINT, NEW YORK 11024-1699

Date:   01 December 2025

From:   CAPT Anthony J. Ceraolo, Superintendent *(Acting)*

To:     MIDN Morgan Mitchell, Class of 2026

Subj:   Superintendent's Final Decision on Request for Reconsideration, Honor Board Hearings of 10 September 2025

On 29 October 2025, you submitted a request for reconsideration of my 20 October 2025 decision affirming the unanimous finding of the Honor Board that you had committed an Honor violation by lying to former Midshipman Muehlbauer (the Regimental Training Officer (RTO)) The Honor Board hearing was convened to consider the allegation that you lied to former Midshipman Muehlbauer (the Regimental Training Officer (RTO)) regarding members of the U.S. Merchant Marine Academy's (USMMA) women's soccer team consuming alcohol during a Kings Point (KP) Futbol Club team movement to Point Lookout Beach, New York on 17 August 2024. The Honor Board unanimously found that you had lied, and, thus, violated the Honor Code. Various evidence that you lied in respect to the alcohol event at the Team Movement was presented to the Honor Board, but the charge remained the same throughout your proceeding.

Pursuant to Section 4.8.1(c) of the Honor Manual (Superintendent Instruction 2024-07, *Regimental Honor Program)*, the only grounds for reconsideration are as follows:

1. There is new evidence of a substantive nature not previously available at the time of the hearing, which would have materially affected the decision;
2. There were procedural errors in the case or in the interpretation of the Honor Code serious enough to deny the Midshipman a fair investigation and/or hearing; or,
3. The severity of the sanction is disproportionate to the violation(s) committed in accordance with the Honor Code.

Prior to making my decision as to whether to grant your request for reconsideration, I fully reviewed and considered your letter of 29 October 2025 and read all 130 pages of accompanying exhibits that were submitted in your request for reconsideration. I also went back and relistened to the entire recording of your second Honor Board Hearing with respect to this charge that was conducted on 10 September 2025.

After careful deliberation, I find that there was no new evidence of a substantive nature presented; that there were no procedural errors serious enough to deny you a fair investigation

and hearing; and, that the severity of the sanction I am imposing is not disproportionate to the Honor Code infraction you have been found in violation of. Therefore, I am upholding my original decision of 20 October 2025 to set you back to the Class of 2027. You will be subject to the conditions set forth in my 20 October 2025 memo.

In considering all three elements of Section 4.8.1(c) of the Honor Manual (Superintendent Instruction 2024-07, *Regimental Honor Program)*, I read, and reread every document from the 10 September 2025 Hearing file, as well as all of the exhibits you presented in your reconsideration package. This thorough review included both of Midshipman Muehlbauer's Memorandums for the Honor Board (of 21 Oct 2024 and 20 Aug 2025) in which he felt compelled to open an HB-1 investigation with respect to your involvement despite his perceived belief that you were telling the truth, "in order to let the Honor Board handle the investigation in the proper manner." MIDN Muehlbauer's expressed beliefs stand in contrast to the other facts of the case that were discovered during the investigation and the testimony provided by eyewitnesses during the hearing. I fully weighed these statements, as well as the other exhibits submitted by you during the appeal process and conclude that the <u>totality of the evidence</u> still informs the finding that you violated the Honor Code by a preponderance of the evidence. In reviewing all of this information I found none of it to be of substantive nature that would have materially affected the decision of the Honor Board.

With respect to procedural errors, I found that you were afforded multiple opportunities to present your case and that two separate Honor Boards (comprised of two different sets of midshipmen) unanimously found you in violation of the Honor Code based upon a preponderance of the evidence presented. These Honor Board Hearings were not criminal or civil determinations with judicial rules of evidence. Rather they were administrative proceedings where relevant evidence, including hearsay, may be considered.

During your 10 September 2025 Hearing you were given opportunities to suspend the current proceedings to ensure all new evidence you were in possession of could be presented and that you instead chose to proceed with the rehearing. For example, during the hearing Captain Keane explicitly offered you a new opportunity to halt the proceedings and again bring new evidence for consideration to the Board. You responded by stating, "No, we can proceed." He then stated, "I'm giving you the opportunity to present new evidence. Not character statements, but evidence that's relevant to this." You responded by stating, "No, sir, we can just proceed with the trial today." He then stated, "Okay. You had the opportunity. I'm just making sure that you're aware that the opportunity was to add new evidence," to which you responded, "Yes, sir." This exchange was a clear opportunity to halt the proceedings and discover all of the evidence that contained potential exculpatory evidence, so that you would have the appropriate setting to present this information and exonerate yourself.

Though Midshipmen 1/c Debus gave you the option via email to 1) proceed with a "new hearing" as per Superintendent Nunan's Reconsideration Decision of 12 December 2024, or 2)

present new evidence and the investigation would be reopened, you were explicitly given the opportunity at the hearing to present new evidence. I additionally note that an email from Charles Cahalan on August 5, 2025 (Exhibit G) explicitly states that "There will not be a new investigation conducted, but you may submit new letters and witness statements." I find that there was no procedural error or error in interpretation of the Honor Code serious enough to deny you a fair investigation or hearing given that you were provided with the explicit opportunity to present new evidence and to halt the rehearing if you wished to produce new evidence.

With respect to your right to confidentiality being breached I considered all of the exhibits you provided. It was very difficult to discern who can be held accountable for the specifics of your case being known by so many members of the Regiment. There were approximately 30 people that were actually on the Team Movement, many of whom were charged with various Honor Violations and other misconduct, that were aware of the actions during the evolution that all had potential to discuss the circumstances of this incident. Additionally, I am unsure how many midshipmen were contacted by either you or Midshipman Ronzoni during your pursuit of discovering mitigating or exculpatory evidence to present on your behalf; or on her behalf. Regardless, if in fact there was a breach, I believe that the totality of the evidence and the facts would have resulted in the same outcome and my decision.

Finally, I do not find that my decision to set you back to the Class of 2027 is disproportionate to the code you have been found in violation of. Both recommendations from the two Honor Board Hearings that reviewed your case recommended Honor Setback with Remediation. The fact that Superintendent Nunan chose to offer you an alternative to the recommendations made by both Honor Boards in no way influenced my determination that the Honor Board's recommendation for setback was the appropriate outcome in this case. Superintendent Nunan was the only person across both hearings who recommended a sanction less than setback, and at least one individual (the Honor Board Advisor, Captain Keane) recommended disenrollment following the second hearing. Other midshipmen who were brought up on charges for misconduct (i.e. drinking alcohol underage) were disciplined through the Regiment's conduct system. It should also be noted that my determination for Setback to the Class of 2027 is consistent with other Superintendents' previous determinations regarding Honor case dispositions. In May and April of 2025, Vice Admiral Nunan (the 14th Superintendent) disenrolled one plebe and setback another plebe for cheating, respectively. In November of 2021, Vice Admiral Buono (the 13th Superintendent) setback a third class midshipman for lying; disenrolled a third class midshipman for lying that was later appealed and changed to a setback by the Maritime Administrator in January of 2022; and, setback a first class midshipman for lying in April of 2022.

By copy of this memorandum, the Commandant and Registrar are directed to implement the decision I made in my memo dated 20 October 2025.

Sincerely,

Anthony J. Ceraolo
Captain, USMS / USCG (Ret.)
Superintendent *(Acting)*

Encl: Acknowledgement of Decision

cc: Commandant
 Provost
 Registrar
 OINC Naval Science
 Counsel